No. 618

WAGNER v. LIBERTY GAUGE & INST. CO.

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 6163. Decided March 1, 1926

Judges Mauck, Sayre & Middleton, 4th Dist., sitting.

1283. WORKMEN'S COMPENSATION — Where a cause of action alleges signing of application for compensation to Industrial Commission under misrepresentation; and a prayer that it be declared null and void, it must be disposed of in equity before further proceeding against the employer in an action for damages in a court of law.

BY THE COURT

Irwin Wagner brought this action against the Liberty Gauge & Instrument Co. in the Cuyahoga Common Pleas alleging that he was injured by the bursting of an emery wheel while employed by the Company; and while in the hospital, was induced to sign a paper by an agent of the Company under the representation that it was necessary for payment of hospital expenses, it being in fact, an application for compensation addressed to the Industrial Commission.

Wagner claimed that he did not desire to make application to the Commission and that he later received $29.29 as compensation which he offered to pay into court. It was further alleged that the company was negligent in its failure to comply with statutory provisions; whereupon he prayed that the application be declared null and void and that he be allowed to recover for his injuries.

The case was tried to a jury, the court rendering judgment in favor of the Company, error was prosecuted. The Court of Appeals held that:

1. Under 1465-76 GC. Wagner could not maintain an action for damages if he had in fact made an application to the Commission for an award of compensation.

2. An application which was void might have been ignored by him entirely; but if it were voidable only he was obliged to obtain a decree in equity setting aside such application prior to instituting his action at law. 78 OS. 200; 11 OA. 122.

3. The application and subsequent proceedings thereunder did not constitute an absolute nullity.

4. Although the petition stated that Wagner was unable to determine the nature of the paper he signed; it does not appear that he was not in full possession of his faculties when he received a check from the Commission, which was cashed by him; and which indicated a ratification of all that had been done in his name.

5. Inasmuch as no effort was made to try the first cause of action in equity and as the whole issue was submitted to the court and jury, the lower court was right in determining, upon Wagner's testimony, that he had elected to make application for an award under 1465-76 GC., as a matter of law.

Judgment affirmed.

Attorneys—M. W. Vickery for Wagner; Herrick, Hopkins, Stockwell & Benesch for Company; all of Cleveland.